### DEATH IN AN ELEVATOR SHAFT.

Court of Appeals for Hamilton County.

MARY CONNELTON, ADMINISTRATRIX, ETC., v. ADOLPH LOEB, DOING BUSINESS AS ADOLPH LOEB & COMPANY.[*]

Decided, December, 1913.

*Negligence—Allegations of, Must be Supported by Direct Evidence as to How the Accident Complained of Occurred—Guess Work as to How an Employee Happened to Fall Down an Elevator Shaft.*

The mere finding of the decedent employee fatally hurt at the bottom of an elevator shaft in the building in which he was at work, does not make out a case of negligence in the lighting and guarding of the shaft, where no one saw the decedent fall into the shaft or knew how the accident happened which resulted in his death.

*McMullen & McMullen* and *Otto Pfleger,* for plaintiff in error. *Cohen, Mack & Hurtig,* contra.

JONES (E. H.), J.; SWING, J., and JONES (Oliver B.), J., concur.

At the close of the plaintiff's evidence offered at the trial of this case in the court below the court sustained a motion by defendant for a directed verdict. A motion for a new trial was later overruled and judgment rendered for the defendant; and to reverse said judgment error is prosecuted here.

Plaintiff's intestate was a boy nineteen years of age, employed by the defendant as an assistant in the office. The day before his death, after having been missed from his work for over an hour, he was found with his skull factured at the bottom of the

---

*Affirmed by the Supreme Court without opinion, May 4, 1915.

elevator shaft, and he died in the city hospital as a result of said injury.

The plaintiff's petition avers that the area way surrounding the elevator shaft and the entrances thereto were insufficiently lighted, and that improper and insufficient guards and gates were furnished to protect employees and others from falling into the shaft; and that intestate by reason thereof fell into the said shaft, and on account of plaintiff's negligence in not properly lighting and protecting the openings into said elevator shaft be received the injuries which caused his death.

No one saw the accident, and no evidence whatever was offered as to how it occurred. In fact, the evidence does not prove that his death was accidental or due to the alleged acts of negligence in any way.

In the case of L. S. & M. S. Ry. Co. v. Andrews, Admr., 58 O. S., 426, it is held, quoting from the syllabus:

"In the absence of direct evidence in its support, an allegation that one sustained injuries by reason of the negligence of the defendant is not sustained by proof of circumstances from which the fact that his injuries were sustained is not a more natural inference than any other."

And in the fifth paragraph of the syllabus in Cleveland Terminal & Valley R. R. Co. v. March, 63 O. S., 236, the same principle is stated in the following language:

"To establish negligence there should be either direct proof of the facts constituting such negligence, or proof of facts from which negligence may be reasonably presumed. There should be no guessing by either court or jury."

The court below followed the proposition of law above stated by our Supreme Court in directing the verdict in this case, and an examination of the bill of exceptions containing all the evidence offered by the plaintiff below forces us to the conclusion that the trial court was not only justified in instructing the verdict rendered, but that his refusal so to do would have been error.

Judgment affirmed.